IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ELISHA GILBERT, JR.,

    Petitioner

VS.

Judge RODNEY BOWEN, III,
Sheriff VAN PEAVY,
Clerk BETTY COLTER,

    Respondents

CIVIL ACTION NO.: 5:10-CV-243 (CAR)

## ORDER

Petitioner **ELISHA GILBERT**, a pretrial detainee at the Dooly County Justice Center, has filed a petition for writ of habeas corpus under 28 U.S.C. §2241. Plaintiff has not sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, because he has not paid the $5.00 filing fee, the Court assumes petitioner needs to proceed *in forma pauperis* and will allow him to do so for purposes of this dismissal alone.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part:

> The original [habeas corpus] petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

Upon initial review of the petition filed herein, it clearly appears from the face of the petition that the petitioner has <u>not</u> exhausted state remedies available to him. It has been well-settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." ***Picard v. Connor***, 404 U.S. 270, 275 (1971) (citing ***Ex Parte Royall***, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c). The exhaustion requirement reflects a policy of comity

between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (quoting *Fay v. Noia*, 372 U.S. 391, 438 (1963)). Moreover, "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the state, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). The State of Georgia has a stated policy of <u>not</u> waiving exhaustion.

According to petitioner's submissions, he has not yet presented his claims to the appropriate state court. It does appear that petitioner attempted to file his habeas corpus action in the Dooly County Superior Court, but the clerk of that court returned the petition to him because he had not used the required form. However, it does not appear that the Dooly County Superior Court Clerk forwarded the required form to petitioner. Petitioner explains that he does not have access to any forms while incarcerated at the Dooly County Justice Center. Therefore, this Court is forwarding to petitioner a copy of the "Inmate Form for Writ of Habeas Corpus" with instructions as well as a "Request Form to Proceed In Forma Pauperis" with instructions.

Petitioner may use these forms to exhaust his claims in the appropriate state court. After he has completed all avenues available to him in the state courts, he will then be permitted to return to federal court, if necessary. Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE** to the right of the petitioner to re-file once he has afforded the state courts an opportunity to review his grounds for relief.

The Clerk of Court is **DIRECTED** to forward the appropriate forms to petitioner.

**SO ORDERED**, this 23rd day of June, 2010

S/ C. Ashley Royal<br>
C. ASHLEY ROYAL, JUDGE<br>
UNITED STATES DISTRICT COURT

lnb